1  HARVINDER S. ANAND (SBN 243913)
   ANAND LAW GROUP, P.C.
2  790 E. Colorado Boulevard, Suite 900
   Pasadena, California 91101
3  Phone: (626) 239-7250
   Fax: (626) 239-7150
4  Email: harv@anandlawgroup.com

5  Attorneys for Plaintiff
6  Samick Music Corp., dba "Health Mate"

7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SAMICK MUSIC CORP., dba "HEALTH MATE," <br><br> Plaintiff, <br><br> v. <br><br> GARRETT GORDON, an individual; NAOMI MASON, a.k.a. "KALI MASON," an individual; and DOES 1-25, inclusive, <br><br> Defendants. | Case No. 8:20-cv-00395 GW (JDEx) <br><br> **DECLARATION OF HARVINDER S. ANAND IN SUPPORT OF PLAINTIFF'S:** <br><br> **(1) *EX PARTE* APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION;** <br><br> **AND** <br><br> **(2) *EX PARTE* APPLICATION TO EXCEED PAGE LIMIT FOR PLAINTIFF'S APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> Action Filed: February 26, 2020 |

-1-

**DECLARATION OF HARVINDER S. ANAND
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATIONS**

## DECLARATION OF HARVINDER S. ANAND

I, HARVINDER S. ANAND, declare as follows:

1. I write this declaration in support of (a) the *Ex Parte* Application for Issuance of Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO Application"), filed by Samick Music Corp., doing business as "Health Mate" ("Health Mate" or "Plaintiff"); and (b) Plaintiff's *Ex Parte* Application to Exceed Page Limit for Plaintiff's TRO Application ("Application to Exceed Page Limit").

2. I am legal counsel for Health Mate in this matter.

3. I make this declaration based on my personal knowledge, except as to information stated upon information and belief, which I believe to be true. If called to testify as a witness, I could and would testify competently to the facts stated herein.

4. Pursuant to direction from Health Mate, on or about October 25, 2019, I sent an email to the Defendants in this matter, Garrett Gordon and Naomi Mason, a.k.a. "Kali Mason," to commence settlement communications regarding Defendants' alleged violations of law, as set forth in the Complaint filed by Health Mate on February 26, 2020. (Docket ("Dkt.") No. 1.) Thereafter, I engaged in email communications with Defendant Gordon and Defendant Mason to resolve without litigation the legal claims now filed by Health Mate against Defendants.

5. The settlement communications were not successful. I believe that, based on the positions Health Mate conveyed to Defendants during settlement communications, Defendants were made aware and knew most of Health Mate's allegations in the Complaint, including claims regarding Defendants' trademark infringement and cyberpiracy and that Defendants were not ever again permitted to use any Health Mate Trademark or Health Mate Logo. Defendants further were made aware and know that Health Mate demanded the return of its trade secrets in

Pipedrive, a customer management database; that Defendants were not ever again to contact or attempt to contact any Health Mate customer; and that Defendants were not to ever transfer or use any Health Mate customer information.

6. On March 8, 2020, my office caused the Summons, Complaint, and eight other documents relating to this case (*i.e.*, a total of ten documents, including a cover letter) to be served by personal delivery on Defendant Garrett Gordon. I am informed and believe that Defendant Gordon was personally served at his residence: 2271 Aria Drive, Henderson, NV 89052. A proof of service as to Defendant Gordon has been filed with the Court. (Dkt. No. 13.)

7. The ten documents personally served on Defendant Gordon on March 8, 2020 (*see* Dkt. No. 13) were:

    a. Plaintiff's cover letter to defendant Garrett Gordon, dated March 3, 2020.

    b. Summons in a Civil Action (Dkt. No. 11).

    c. Plaintiff's Complaint for Damages and Injunctive Relief and Exhibits (Dkt. No. 1).

    d. Civil Case Cover Sheet (Dkt. No. 2).

    e. Plaintiff's Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 (Dkt. No. 5).

    f. Notice of Interested Parties Pursuant to Local Rule 7.1-1 (Dkt. No. 4).

    g. Notice of Assignment to United States Judges. (Dkt. No. 7).

    h. Notice to Parties of Court-Directed ADR Program. (Dkt. No. 8).

    i. Report on the Filing or Determination of an Action Regarding Patent or Trademark. (Dkt. No. 6).

**DECLARATION OF HARVINDER S. ANAND
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATIONS**

        j.      Plaintiff's Preservation Demand Letter to defendant Garrett Gordon, dated March 3, 2020.

8. At approximately 9:29 a.m. on March 12, 2020, I sent Defendant Gordon courtesy copies of the same ten documents via a link from my firm. I sent the link to Defendant Gordon at the same email address I used while engaging in settlement communications with Defendant Gordon. Attached hereto as **Exhibit 1** is a true and correct printout of the link I sent to Defendant Gordon.

9. At approximately 9:36 a.m. on March 12, 2020, I also sent Defendant Gordon an email, informing him that that I had sent the above-described link a few minutes earlier. I attached to the email a screen shot of the ten documents that had been included in the link. I told Defendant Gordon to "[p]lease let me know if [he] did not receive the link or if [he has] any problem accessing any of the documents." I requested a delivery receipt when I sent the email through Outlook, and subsequently I received the receipt. Attached hereto as **Exhibit 2** are true and correct printouts of: (a) the email I sent; (b) the attachment to the email; and (c) the delivery receipt I received through Outlook.

10. At approximately 12:35 p.m. on March 12, 2020, I received an email notification that Defendant Gordon had opened the link I sent to him at 9:29 a.m., described in paragraph 8. Attached hereto as **Exhibit 3** is a true and correct printout of the email notification I received.

11. As noted above, among the ten documents personally served on Defendant Gordon on March 8, 2020 and emailed to Defendant Gordon on March 12, 2020, was a cover letter dated March 3, 2020. The letter provided written notice of Plaintiff's intent to file two *ex parte* applications, *i.e.*, the TRO Application (including notice of the relief that Plaintiff seeks therein) and the Application to Exceed Page Limit. Attached hereto as **Exhibit 4** is a true and correct copy of the cover letter served on Defendant Gordon (see pages 2-5).

12. As of the time of filing, I have not received a response from Defendant Gordon regarding whether he intends to appear and oppose Plaintiff's two *ex parte* applications.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 12, 2020 at Pasadena, California.

          /s/ Harvinder S. Anand
          HARVINDER S. ANAND