# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMICK MUSIC CORP., dba "HEALTH MATE," <br><br> Plaintiff, <br><br> v. <br><br> GARRETT GORDON, an individual; NAOMI MASON, a.k.a. "KALI MASON," an individual; and DOES 1-25, inclusive, <br><br> Defendants. | Case No. SACV 20-395-GW-JDEx <br><br> **ORDER ENTERING PRELIMINARY INJUNCTION AGAINST DEFENDANT GARRETT GORDON AND EXTENDING FILINGS DEADLINE** <br><br> Action Filed: February 26, 2020 <br><br> Current Filings Deadline: April 9, 2020 <br> Proposed Filings Deadline: May 7, 2020 |

# **ORDER EXTENDING FILINGS DEADLINE**

The Court has reviewed and considered the Stipulation Between Plaintiff Samick Music Corp. and Defendant Garrett Gordon (1) for Entry of Preliminary Injunction Against Defendant Garrett Gordon; (2) to Extend Defendant Garrett Gordon's Deadline to File Opposition to Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction; and (3) to Extend Defendant Garrett Gordon's Deadline to Respond to Complaint, filed on April 9, 2020.

For GOOD CAUSE shown, the Court ORDERS:

1. Defendant Gordon's deadline to respond to the Complaint filed in this matter shall be extended to May 7, 2020.

2. Defendant Gordon's deadline to file an opposition, if any, as to unresolved issues relating the Plaintiff's Application for a Temporary Restraining Order, filed on March 13, 2020 ("TRO Application"), or the Court's Order to Show Cause, if any, why a preliminary injunction should not issue continuing the Temporary Restraining Order ("OSC"), shall be extended to May 7, 2020.

3. Plaintiff's deadline to file a reply brief, if any, in support of unresolved issues relating the TRO Application or OSC, shall be extended to May 21, 2020.

4. The hearing on the Order to Show Cause Re: Preliminary Injunction, scheduled before this Court on April 23, 2020, is hereby continued to 9:00 a.m. on May 28, 2020.

///
///
///
///
///
///

**PRELIMINARY INJUNCTON**

**TO DEFENDANT GARRETT GORDON:**

For GOOD CAUSE shown, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a PRELIMINARY INJUCTION IS HEREBY ENTERED against Defendant Garret Gordon ("Defendant Gordon").

1. IT IS HEREBY FURTHER ORDERED, pending further order of this Court, Defendant Gordon and Defendant Gordon's officers, agents, servants, employees, representatives, associates, related corporate entities, owners, and operators, and/or all persons acting for, on behalf of, or in concert or cooperation with any of them (including but not limited to Defendant Naomi Mason, also known as "Kali Mason" ("Defendant Mason")) and who have notice of this Order, are restrained and enjoined and shall immediately cease and desist:

    a. From any and all use of Plaintiff's HEALTH MATE Trademarks and/or its HEALTH MATE Logo, including without limitation, the use of "HEALTH MATE REPLACEMENT PARTS" or any other confusingly similar combination that includes the words "HEALTH MATE." This provision applies, without limitation, to the use or display of the HEALTH MATE Trademark and HEALTH MATE Logo on any website (including You Tube and www.healthmateparts.com), or in connection with the advertisement or sale of any product.

    b. From any and all use of the "Health Mate" trade name or corporate name, including without limitation the use of "Health Mate Fulfillment," "Health Mate Sauna," "Health Mate Sauna Fulfillment," "Health Mate Wellness," "Health Mate Infrared Sauna," "HM Corporate Sales," or any other confusingly similar combination that includes the words "Health Mate" or the letters "HM." This provision applies, without limitation, to the use or display of the word "Health Mate" or "HM" in any email address, in any email message, in any text message,

in connection with any credit card merchant processing account, on any website, or in connection with the advertisement, sale, attempted sale or packaging of any product.

      c.    From registering any domain name that includes "Health Mate" or any confusingly similar combination of words.

      d.    From assigning, transferring or otherwise hypothecating the [healtmateparts.com](healtmateparts.com) domain name to anyone other than to Plaintiff or to Plaintiff's designee, which shall include, upon the written agreement of Plaintiff, an escrow agent authorized by Plaintiff to temporarily hold and maintain registration of the [healtmateparts.com](healtmateparts.com) domain name during the pendency of this litigation.

      e.    From assigning, transferring or otherwise hypothecating the "[healthmatesaunas@gmail.com](mailto:healthmatesaunas@gmail.com)" email account to anyone other than to Plaintiff.

      f.    From assigning, transferring or otherwise hypothecating the "[Healthmatesaunaoffical@gmail.com](mailto:Healthmatesaunaoffical@gmail.com)" email account to anyone other than to Plaintiff.

      g.    From directly or indirectly accessing, using, transferring, transmitting, assigning, disclosing, or making available to any person or entity other than Plaintiff, any of Plaintiff's confidential, proprietary, or trade secret documents, data or information, including but not limited to the information contained in the customer resource management database known as Pipedrive, <u>except</u> that this provision does not apply to:

          i.    Transferring of the foregoing information to, or accessing of such information by, Defendant Gordon's attorneys or experts retained by Defendant Gordon's attorneys solely for the purpose of representing Defendant Gordon in this matter, including the purpose of complying with this Preliminary Injunction; or

ii. Transferring of the foregoing information to, or accessing of such information by, Expert Data Forensics ("EDF"), a Nevada-based licensed digital forensics investigation firm retained by Defendant Gordon, solely for the purpose of complying with this Preliminary Injunction.

    h.     From altering, modifying, revising, deleting, erasing, removing, destroying, disposing, or otherwise tampering with, any evidence, documents, or other materials, in any form, relating to this action and/or the issues raised herein, This provision applies, without limitation, to any and all papers, emails, text messages, voicemail messages, and instant messages.

    i.     <u>Except</u>, that EDF is permitted to remove and erase data and information described in paragraph 1(h) from physical devices only (*i.e.*, by way of example, a cell phone or computer belonging to Defendant Gordon or other persons subject to this Preliminary Injunction) <u>only after all of the foregoing requirements are met</u>: (a) EDF has created and preserved, using forensically acceptable methods and procedures, an identical copy of any and all data and information described in paragraph 1(h) that is stored and recoverable from any location within the physical device; (b) EDF has served on Plaintiff a report in writing, under oath, setting forth in detail the manner and form in which EDF complied with the terms of paragraphs 1(h) and 1(h)(i), which shall include without limitation a certification that no information or data was modified, revised, deleted, erased, removed, destroyed, or disposed of during the process described in paragraph 1(h)(i)(a); and (c) Plaintiff has reviewed and provided written approval of the report from EDF.

    ii.     Paragraph 1(h)(i) does not apply to any information or data stored in the "Cloud" or in a place other than a physical device, including without limitation, information stored in the Customer Resource Management database known as Pipedrive and any information or data stored in an email

account subject to this Preliminary Injunction.

2. IT IS HEREBY FURTHER ORDERED, pending further order of this Court, Defendant Gordon and Defendant Gordon's officers, agents, servants, employees, representatives, associates, related corporate entities, owners, and operators, and/or all persons acting for, on behalf of, or in concert or cooperation with any of them (including but not limited to Defendant Mason) and who have notice of this Order shall:

    a. Forthwith take all necessary steps and actions to assist the registrar in transferring the "healtmateparts.com" domain name to Plaintiff's designee, which shall include, upon the written agreement of Plaintiff, an escrow agent authorized by Plaintiff to temporarily hold and maintain registration of the healtmateparts.com domain name during the pendency of this litigation.

    b. Forthwith instruct any print directory, Internet directory, or website, including but not limited to You Tube, that Defendant Gordon or Defendant Mason has caused to carry the Health Mate trade name, the HEALTH MATE Trademark, and/or their HEALTH MATE Logo or any other confusingly similar combination that includes the words "Health Mate," either alone or in combination with other words or symbols, to cease using such marks.

    c. Forthwith transfer any and all website content associated with the www.healtmateparts.com website to Plaintiff's designee, which shall include, upon the written agreement of Plaintiff, an escrow agent authorized by Plaintiff to temporarily hold and maintain such website content.

    d. Forthwith take all necessary steps and actions within their control to transfer the "healthmatesaunas@gmail.com" email account to Plaintiff.

    e. Not alter, modify, forward, or delete any email stored anywhere in the "healthmatesaunas@gmail.com" email account, prior to the transfer of that account to Plaintiff.

f. Forthwith take all necessary steps and actions within their control to transfer the "Healthmatesaunaoffical@gmail.com" email account to Plaintiff.

g. Not alter, modify, forward, or delete any email stored anywhere in the "Healthmatesaunaoffical@gmail.com" email account, prior to the transfer of that account to Plaintiff.

h. Forthwith return to Plaintiff all copies of any of Plaintiff's confidential, proprietary, or trade secret documents, data or information, including but not limited to the information contained in the Customer Resource Management database known as Pipedrive, that is in the possession, custody, or control of Defendant Gordon or Defendant Gordon's officers, agents, servants, employees, representatives, associates, related corporate entities, owners, and operators, and/or all persons acting for, on behalf of, or in concert or cooperation with any of them, including but not limited to Defendant Mason.

i. Forthwith take all necessary steps and actions to transfer the Customer Resource Management database known as Pipedrive to Plaintiff's designee, which shall include, upon the written agreement of Plaintiff, an escrow agent authorized by Plaintiff to temporarily hold and maintain control of the Pipedrive database.

j. By no later than April 27, 2020, not have possession, custody, or control of any of Plaintiff's confidential, proprietary, or trade secret documents, data or information.

IT IS HEREBY FURTHER ORDERED:

3. Defendant Gordon shall take, without limitation, the following steps to assist EDF and to ensure EDF is capable of achieving compliance, on his behalf, with the requirements of this Preliminary Injunction:

a. Disclosing to EDF any and all places and things that either contain or may contain any of the information specified in paragraph 2(h) above.

b. Providing EDF with access to any and all places and things described in paragraph 3(a).

c. By April 10, 2020, disclosing to EDF any and all of Defendant Gordon's officers, agents, servants, employees, representatives, associates, related corporate entities, owners, and operators, and/or all persons acting for, on behalf of, or in concert or cooperation with any of them (including but not limited to Defendant Mason) who may possess or may have custody or control of any of the information specified in paragraph 2(h) above. Such disclosure shall include the name, last known address, last known cell phone number, and last known email address of the foregoing persons, if any.

4. If EDF maintains, solely during the pendency of this litigation, secure digital copies of any of the information or data returned to Plaintiff in compliance with paragraph 2(h), Defendant Gordon shall not have access, or seek to have access, to any of the information or data returned to Plaintiff.

5. By April 10, 2020, Defendant Gordon shall also disclose to Plaintiff any and all of Defendant Gordon's officers, agents, servants, employees, representatives, associates, related corporate entities, owners, and operators, and/or all persons acting for, on behalf of, or in concert or cooperation with any of them (including but not limited to Defendant Mason) who may possess or may have custody or control of any of the information specified in paragraph 2(h) above. Such disclosure shall include the name, last known address, last known cell phone number, and last known email address of the foregoing persons, if any.

6. Defendant Gordon shall directly or through Defense Counsel forthwith deliver to the persons described paragraph 5 above, if any, a copy of the TRO issued by the Court on April 3, 2020, and this Preliminary Injunction.

7. Defendant Gordon shall directly or through Defense Counsel instruct the persons described paragraph 5 above, if any, to comply with the requirements of the TRO and this Preliminary Injunction by taking, without limitation, the following steps:

    a. Disclosing to EDF any and all places and things that either contain or may contain any of the information specified in paragraph 2(h) above;

    b. Assisting and working with EDF to ensure EDF is capable of achieving compliance with the requirements of the Preliminary Injunction; and

    c. Preparing and submitting to Defense Counsel for delivery to Plaintiff a declaration setting forth in detail the manner and form in which each person has achieved compliance with the requirements of the Preliminary Injunction.

8. By April 27, 2020, Defendant Gordon shall file with the Court and serve on Plaintiff a report in writing, under oath, setting forth in detail the manner and form in which Defendant Gordon has complied with the requirements of the Preliminary Injunction (the "Compliance Report").

9. The Compliance Report shall include, without limitation, a certification by EDF, under oath, setting forth in detail the manner and form in which EDF assisted Defendant Gordon in achieving compliance with the requirements of the Preliminary Injunction.

10. By April 22, 2020, Defendant Gordon shall serve on Plaintiff a draft of the Compliance Report, to permit Plaintiff to evaluate and comment upon steps taken by Defendant Gordon and EDF to achieve compliance with the Preliminary Injunction.

11. Nothing herein shall prohibit Plaintiff from seeking a modification of Preliminary Injunction if it becomes aware of additional information or other issues relating to Defendant Gordon's compliance with the terms of the

Preliminary Injunction.

12. Nothing herein shall constitute an admission of liability or a waiver of any claims or defenses that Defendant Gordon may have in this case.

IT IS SO ORDERED.

Dated: April 10, 2020

_____
Hon. George H. Wu
United States District Judge

Submitted by:

　/s/ Harvinder S. Anand
HARVINDER S. ANAND
Attorneys for Plaintiff
Samick Music Corp., dba "Health Mate"